[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 98-2464

D. C. Docket No. 3:97-CR-57/RV

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/11/99
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALLACE C. YOST, a.k.a. RODDY LYNN REEVES, etc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Florida

(August 11, 1999)

Before EDMONDSON and BLACK, Circuit Judges, and PAUL*, Senior District Judge.

BLACK, Circuit Judge:

---

* Honorable Maurice M. Paul, Senior U.S. District Judge for the Northern District of Florida, sitting by designation.

Appellant Wallace C. Yost appeals his sentence for conspiracy to commit mail fraud, wire fraud, and bankruptcy fraud, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. He asserts the district court erred by resentencing him and revisiting issues at the second sentencing hearing that it had previously decided. We hold the district court, having discovered a clear error, had the authority under Rule 35(c) to resentence Appellant and revisit any factual findings or issues previously decided at the initial sentencing and therefore affirm.

## I. BACKGROUND

In May 1997, a federal grand jury returned a four-count indictment against Appellant, charging conspiracy to commit bank fraud, mail fraud, wire fraud, money laundering, and bankruptcy fraud, in violation of 18 U.S.C. § 371 (Count I); two counts of bank fraud, in violation of 18 U.S.C. §§ 1344, 2 (Counts II and III); and one count of mail fraud, in violation of 18 U.S.C. §§ 1341, 2 (Count IV). Appellant pled guilty to Count IV and to part of Count I; in particular, he pled guilty to the substantive offense of mail fraud and to conspiracy to commit mail fraud, wire fraud, and bankruptcy fraud, but not to conspiracy to commit money laundering or conspiracy to commit bank fraud.

At Appellant's first sentencing hearing on March 24, 1999, the district court, pursuant to U.S.S.G. § 3D1.2(d), grouped together the offenses from Counts I and IV, but erroneously included conspiracy to commit money laundering and conspiracy to bank fraud, to which Appellant had not pled guilty. Pursuant to U.S.S.G. § 3D1.3(b), the district court had to use the highest possible offense level for any of Appellant's offenses as Appellant's base offense level. The district court concluded that Appellant had not committed the offense of conspiracy to commit bank fraud. As a result, the district court determined that Appellant's offense level

2

under U.S.S.G. § 2F1.1, the guideline applicable to the substantive offense of mail fraud and to conspiracy to commit bank fraud, mail fraud, wire fraud, and bankruptcy fraud, would be lower than that calculated by the probation officer. The district court sentenced Appellant under U.S.S.G. § 2S1.1, the guideline applicable to conspiracy to commit money laundering, as it yielded a higher offense level. The district court imposed a sentence of 14 months' imprisonment.[1] When the district court sentenced a codefendant on March 26, 1999, it realized it had erred by applying the money laundering guideline in sentencing Appellant. On March 27, 1999, the district court set aside Appellant's initial sentence and held another sentencing hearing.

At the resentencing hearing, the district court recognized that Appellant had not pled guilty to conspiracy to commit money laundering and stated that even if he had pled guilty to that charge, the applicable statute of limitations would have barred his conviction for the offense. The district court therefore sentenced Appellant under U.S.S.G. § 2F1.1. The district court also realized that Appellant had not pled guilty to conspiracy to commit bank fraud either, but reversed its earlier determination and concluded Appellant's conduct did constitute conspiracy to commit bank fraud and therefore could be considered as relevant conduct under § 2F1.1. This conclusion resulted in an increase in Appellant's § 2F1.1 offense level. After its recalculations, the district court sentenced Appellant to 18 months' imprisonment.[2] Appellant brought this

---

[1] Applying U.S.S.G. § 2S1.1, the resulting adjusted offense level was 17, with a sentencing range of 24-30 months' imprisonment. After granting the Government's § 5K1.1 motion to reduce the sentence, the court sentenced Appellant to 14 months' imprisonment and ordered him to pay a $10,000 fine and $50,000 restitution.

[2] Based on its redetermination that Appellant's conduct constituted conspiracy to commit bank fraud, the district court recalculated Appellant's adjusted offense level to be 19, for a guideline range of 30 to 37 months' imprisonment. After the § 5K1.1 downward departure, the court sentenced Appellant to 18 months' imprisonment and ordered him to pay restitution in the

appeal, asserting the district court lacked authority under Rule 35(c) to resentence him as it did.

## II. ANALYSIS

Rule 35(c) provides that a sentencing court "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or *other clear error*." Fed. R. Crim. P. 35(c) (emphasis added). In this case, we are asked to determine whether the phrase "other clear error" includes any of the district court's mistakes at the initial sentencing.[3]

We have not specifically delineated the scope of a sentencing court's authority under

---

amount of $1,050,000 (but no fine).

[3] We note the Government could have argued that a sentence is not imposed until the entry of a judgment of conviction. Although the majority of circuits that have addressed the issue view a sentence as being imposed for purposes of Rule 35(c) when it is orally pronounced by the district court, *see United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998); *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997), *cert. denied*, __ U.S. __, 118 S. Ct. 1034 (1998); *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994); *United States v. Navarro-Espinosa*, 30 F.3d 1169, 1170 (9th Cir. 1994), the Seventh Circuit has adopted the opposite view. *United States v. Clay*, 37 F.3d 338, 340 (7th Cir. 1994); *see also United States v. Morillo*, 8 F.3d 864, 869 n.8 (1st Cir. 1993) (stating in dicta "it is likely" that when the date of the oral pronouncement differs from the date on which judgment is entered, "sentence is imposed on the date judgment enters, rather than the date sentence is orally pronounced"). In this case, the judgment of conviction was not entered until after the resentencing hearing, so the only sentence shown on that written judgment included the corrections made at the resentencing hearing. If Appellant's sentence was not imposed for purposes of Rule 35(c) until the written judgment was entered, there would be only one sentence—the one pronounced at the resentencing hearing—and the district court would have no need for Rule 35(c) authority. Although Rule 35(c) authority is jurisdictional, *see* Fed. R. Crim. P. 35 advisory committee's note ("The subdivision [Rule 35(c)] does not provide for any formalized method of bringing the error to the attention of the court and recognizes that the court could sua sponte make the correction."); *United States v. Lopez*, 26 F.3d 512, 522 (5th Cir.1994) (stating that the seven days from imposition of sentence within which the district court can correct errors is "jurisdictional" under Federal Rule of Criminal Procedure 35(c)), we need not address the question of when Appellant's sentence was imposed for purposes of Rule 35(c) because we hold the district court had authority under Rule 35(c) to resentence Appellant as it did.

Rule 35(c). The 1991 Advisory Committee's Note to Rule 35(c) provides:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35 advisory committee's note.

Thus, under Rule 35(c), the district court may not simply change its mind, and any error to be corrected under that subsection must be obvious. In this case, the district court did not simply change its mind; nor did it simply reconsider its calculations under the appropriate guidelines. Rather, it resentenced Appellant because at the first sentencing hearing it used the wrong guideline, an obvious error. We therefore hold the district court had authority to resentence Appellant pursuant to Rule 35(c).[4]

Appellant asserts that even if the district court had authority to resentence him, it did not have authority to revisit its prior ruling regarding consideration of Appellant's bank fraud as relevant conduct. In this regard, Appellant argues that the district court's misapplication of this Court's precedent was not a clear error for purposes of Rule 35(c).

"A criminal sentence is a package of sanctions that the district court utilizes to effectuate

---

[4] We need not address whether the district court's determination after the initial sentencing hearing that Appellant's conviction for conspiracy to commit money laundering was barred by the applicable statute of limitations constituted a finding of a clear error correctable under Rule 35(c), since Appellant did not plead guilty to and thus was not convicted of that offense in the first place.

its sentencing intent consistent with the Sentencing Guidelines." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (citations omitted). Under this holistic approach, we have held that when we vacate a sentence and remand for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing. *See id.* at 469. We see no reason why the same should not be true when the district court resentences under Rule 35(c). *See United States v. Bentley*, 850 F.2d 327, 328-29 (7th Cir. 1988) ("[N]othing but pointless formalism would support a distinction between a sentencing plan disrupted by the vacatur of some counts on appeal and a plan shattered by the district court's own recognition that the plan was infested with error. . . . [W]henever the district court must revise one aspect of the sentencing scheme, it is permitted by Rule 35 to revise the rest."). We thus hold it takes only one clear error to give the district court authority under Rule 35(c) to conduct an entire resentencing at which the court may correct any other errors, clear or not.

### III. CONCLUSION

We hold that upon discovering it committed clear error by sentencing Appellant for a crime to which he had not pled guilty, the district court had authority under Rule 35(c) to resentence Appellant as it did.

AFFIRMED.