[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11413
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 23, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01051-CR-PCH

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

JAIME WILLIAM GUTIERREZ,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 23, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jaime William Gutierrez appeals his concurrent 86-month sentences for conspiracy to possess and possession with intent to distribute 3,4-methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), 846. Gutierrez asserts his sentence is unreasonable because at his first sentencing hearing, during which he was sentenced on these convictions and on a failure to appear conviction, the district court imposed a 48-month sentence[1] for the drug convictions.

The Government contends we should not review Gutierrez's sentence because he invited the error by recommending a sentence at the low end of the applicable 78 to 97 month Guideline range at the second sentencing hearing. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998). Where a party invites error, we will not reverse the district court based on plain error. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir.), *cert. denied*, 126 S. Ct.772 (2005).

The Government recommended a 78-month sentence, and Gutierrez concurred with this recommendation. However, the district court expressed its dissatisfaction with a 78-month sentence, and ultimately rejected Gutierrez's

_____

[1] Although the district court initially mentioned a 47-month sentence, it ultimately imposed a 48-month sentence.

assertion that a 78-month sentence was appropriate. Therefore, Gutierrez did not induce the district court's decision to impose an 86-month sentence, and we will review the reasonableness of his sentence.

Our reasonableness inquiry is deferential, recognizing "there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, No. 05-11353, 2005 WL 3235409, at *4 (11th Cir. Dec. 2, 2005). Our inquiry is guided by the factors outlined in 18 U.S.C. § 3553(a). *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *Id.*

Once the district court has accurately calculated the Guidelines range,[2] it must consider the factors outlined in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *See Talley*, 2005 WL 3235409, at *2. A district court need not explain its logic for every § 3553(a) factor before announcing its sentence. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

---

[2] Gutierrez does not challenge the accuracy of the Guideline calculations on appeal, and has thus abandoned any argument thereunder. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

At the first sentencing hearing, the district court concluded a total sentence of 97 months was reasonable, and selected a 48-month sentence on the drug charges in the exercise of its "unfettered discretion." The district court was not bound by this sentence because it had the authority to conduct an entire resentencing, and revisit its previous determinations. *See Unites States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999). Although the district court did not specifically explain why it was increasing Gutierrez's original sentence on the drug convictions from 48 months, it sufficiently explained the basis for the 86-month sentence, noting that a sentence at the low end of the Guideline range was inappropriate in light of the advisory Guidelines, § 3553(a) factors, and Gutierrez's failure to appear. *See Scott*, 426 F.3d at 1329.

In addition, there is no evidence the district court imposed a 48-month sentence because it considered a longer sentence to be unreasonable. Although Gutierrez's sentence on the drug convictions was similar to that of his codefendant, when allocating the 97 months, the district court expressed its concern that the sentence send a message about failing to appear. Because district courts have a range of reasonable sentences to chose from, *Talley*, 2005 WL 3235409, at *4, allotting 48 months for Gutierrez's drug convictions did not make 48 months the only reasonable sentence. Therefore, the district court's subsequent 86-month

4

sentence on the drug convictions was not unreasonable just because it apportioned 48 months of a 97-month sentence on that sentence during the first sentencing hearing. We conclude the district court's resentencing of Gutierrez to a higher sentence on his drug convictions did not render his 86-month concurrent sentences unreasonable.

AFFIRMED.