**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4284

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PERRY J. FLOYD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-394)

Argued: March 14, 2006                    Decided: May 4, 2006

Before SHEDD and DUNCAN, Circuit Judges, and James P. JONES, Chief United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Robert Michael Hamilton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The sole issue in this appeal is whether the district court erred in imposing a more onerous sentence on the defendant after the court had discovered a clear error in its initial sentence and acted promptly to correct the sentence under Rule 35(a).

Perry J. Floyd, Jr., pleaded guilty to mail fraud, 18 U.S.C.A. § 1341 (West Supp. 2005), and the false representation of a Social Security number, 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 2005), both crimes occurring in connection with his fraudulent receipt of $28,315.66 in government benefits.

Floyd's sentencing was held on February 7, 2005. Before pronouncing sentence, the district court announced that it intended to sentence Floyd to a sentence within the advisory Sentencing Guidelines range, the sentencing taking place following United States v. Booker, 543 U.S. 220 (2005). Under the Sentencing Guidelines, as correctly calculated in the Presentence Investigation Report, Floyd had a Total Offense Level of 8 and a Criminal History Category of II, resulting in a custody range of 4 to 10 months imprisonment, with supervised release to follow of two to three years. Alternatively, because Floyd's guideline range was in Zone B of the Sentencing Table, the Sentencing Guidelines permitted probation with a condition of intermittent or community confinement or home detention of at least four months. See U.S. Sentencing Guidelines Manual §§ 5B1.1(a)(2), 5C1.1(c)(3) (2004).

The district court sentenced Floyd to eight months probation and ordered him to pay restitution and a special assessment of $200. This sentence was contrary to the relevant statute, 18 U.S.C.A. § 3561(c)(1) (West 2000), which requires a minimum term of probation of one year for conviction of a felony. In addition, no probation condition of intermittent or community confinement or home detention was imposed.

Recognizing its error, the district court reconvened the parties on its own motion two days later, on February 9, 2005, and conducted an additional hearing. At the close of this hearing, the court resentenced Floyd to three years probation. In addition to the restitution and special assessment previously ordered, the court added as a condition of probation that Floyd serve eight months of home detention.

Floyd appeals, contending that in correcting its error, the district court should not have imposed more than the minimum term of probation previously omitted. Accordingly, Floyd argues, he must be relieved of the extra two years of probation, as well as the eight months of home detention.

The Federal Rules of Criminal Procedure allow a district court to correct within seven days, "a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The parties agree that the district court had the power under that rule to correct Floyd's sentence. Floyd argues,

however, that the district court's power of correction was limited to increasing the term of probation from eight months to one year. We disagree and affirm the corrected sentence.

"[T]he correction of an illegal sentence does not necessarily mean that the correction will always result in a reduction of a sentence for a defendant." United States v. Henry, 680 F.2d 403, 408 (5th Cir. 1982). Indeed, it is established that a court can increase a defendant's sentence in order to correct an inadvertent sentencing error and thus make it lawful without running afoul of the Constitution. See Bozza v. United States, 330 U.S. 160, 166-67 (1947). More importantly, there are no controlling principles here that precluded the district court from changing other aspects of Floyd's illegal sentence.

For example, in United States v. Yost, 185 F.3d 1178 (11th Cir. 1999), the defendant Yost pleaded guilty to mail fraud and to conspiracy to commit mail fraud, wire fraud, and bankruptcy fraud, but not to conspiracy to commit money laundering or conspiracy to commit bank fraud. Id. at 1179. At his first sentencing hearing on March 24, 1999, the district court, pursuant to the Sentencing Guidelines, grouped Yost's offenses, but erroneously included conspiracy to commit money laundering and conspiracy to commit bank fraud, to which Yost had not pleaded guilty. Id. Conspiracy to commit money laundering yielded the highest offense level, and thus

the court sentenced Yost to 14 months imprisonment under the guideline applicable to that offense.  Id. at 1179-80.

The district court realized its error in applying the money laundering guideline to Yost when it was sentencing a codefendent on March 26, and it thus set Yost's initial sentence aside and held another sentencing hearing on March 27.  Id. at 1180.  At the resentencing the court corrected its error and thus applied the fraud guideline rather than that applicable to money laundering. Id.  In addition, however, the court reversed its determination made at the first sentencing hearing and concluded that Yost's conduct did constitute conspiracy to commit bank fraud and therefore could be considered as relevant conduct. Id.  This resulted in an increase in Yost's offense level and a sentence of 18 months imprisonment.  Id.

Yost appealed his sentence, and the Eleventh Circuit considered whether the district court's actions were proper under Rule 35(c), the predecessor to the current Rule 35(a).  The Eleventh Circuit noted that the district court resentenced the defendant because it made the obvious error of using the wrong guideline; this was not a case where the district court simply changed its mind.  Id. at 1181.

In upholding Yost's new sentence, including the portion resulting from the district court's revisiting of its prior ruling

regarding consideration of bank fraud as relevant conduct, the Eleventh Circuit explained that:

> when we vacate a sentence and remand for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing. We see no reason why the same should not be true when the district court resentences under Rule 35 (c).

Id. (citations omitted). Thus, in Yost, the Eleventh Circuit concluded that "it takes only one clear error to give the district court authority under [Rule 35(a)] to conduct an entire resentencing at which the court may correct any other errors, clear or not." Yost at 1181; see also United States v. Bentley, 850 F.2d 327, 328-29 (7th Cir. 1988) ("[N]othing but pointless formalism would support a distinction between a sentencing plan disrupted by the vacatur of some counts on appeal and a plan shattered by the district court's own recognition that the plan was infested with error. . . . [W]henever the district court must revise one aspect of the sentencing scheme, it is permitted by Rule 35 to revise the rest.").

Following this authority, it is apparent that after the district court here discovered its clear error and decided to resentence under Rule 35(a), it was free to impose a different, albeit lawful and reasonable sentence on Floyd, even if it increased the punishment. While it is true that the Due Process Clause prohibits a vindictive increase in a sentence, this is not

a concern in the present case, where there is no claim or evidence of vindictiveness and where the district court corrected its own clear error sua sponte.  See Colton v. Kentucky, 407 U.S. 104, 116-17 (1972) (holding that likelihood of vindictiveness does not exist where the court imposing the increased sentence has not been required to do so by another court).

For these reasons, the sentence imposed on the defendant is hereby

AFFIRMED.