[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-11594
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00073-CR-FTM-33DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN DEL CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2006)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

A federal grand jury charged Alain Del Castillo with: (1) knowingly and willfully, with the intent to do bodily harm, assaulting Felipe Avena with a dangerous weapon by stabbing him with a knife, without just cause or excuse, in violation of 18 U.S.C. § 113(a)(3) (count one); and (2) knowingly and willfully assaulting Avena by stabbing him with a knife, which resulted in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (count two). Del Castillo appeals his two concurrent 62-month terms of imprisonment on both counts of his indictment, which the district court imposed upon the government's Federal Rule of Criminal Procedure 35(a) motion to correct Del Castillo's original sentence of a single 62-month term of imprisonment on only 1 count of his indictment. For the reasons set forth more fully below, we affirm.

Del Castillo and Avena were crew members aboard an American registered fishing boat that was located approximately 70 miles southwest of Cape Romano, Florida. While cleaning the boat, Avena spilled dirty water on Del Castillo's bed and they fought over the mishap. Avena turned away from Del Castillo. Del Castillo then stabbed Avena in the back with a fishing knife. When Avena turned around, Del Castillo tried to stab Avena in the stomach, and Avena jumped into the water to avoid further attack. Del Castillo stabbed Avena a total of four times. After observing a shark in the water, the captain of the vessel threw a rope to

2

Avena and helped him back into the boat. The captain then transported Avena to a nearby fishing vessel, where the United States Coast Guard provided medical assistance.

At Del Castillo's sentencing hearing, the district court determined that Del Castillo's guideline range for both counts of the indictment was 51 to 63 months' imprisonment, to run concurrently. The government then stated that, "I did notice the Court said concurrently, but I think because [Del Castillo] was charged with two subsections of the same statute that a sentence on only one count would be appropriate in this case, not on both counts." Del Castillo did not object to the government's request. The court sentenced Del Castillo to 62 months' imprisonment, three years' supervised release, and a $100 special assessment on count 1 of his indictment.

Thereafter, the government filed an emergency motion to amend or correct Del Castillo's sentence, arguing that it erroneously urged the court not to sentence Del Castillo on count two of his indictment.[1] The government maintained that, under the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the two offenses to which Del Castillo pled guilty were

---

[1]As noted in the discussion, Rule 35(a) permits the court within seven days after sentencing to correct a sentence that resulted from "arithmetical, technical, or other clear error." See Fed.R.Crim.P. 35(a).

separate offenses, and, thus, each required separate sentences. Del Castillo

objected to the government's motion and argued: (1) Federal Rule of Criminal

Procedure 35 was not the proper avenue for the government to raise previously

litigated issues; and (2) the two counts were not separate offenses because they

involved the same conduct and the statute of conviction merely created two

separate punishment provisions.

After a hearing, the district court found that the two counts as charged in the

indictment constituted separate offenses because count one required proof that Del

Castillo used a dangerous weapon and count two required proof that Del Castillo

caused serious bodily injury. The court thus resentenced Del Castillo to 62

months' imprisonment and 3 years' supervised release on both counts 1 and 2, to

run concurrently, and a $100 special assessment on each count, for a total of $200.[2]

On appeal, Del Castillo argues that the district court erred in resentencing

him pursuant to the government's Rule 35(a) motion for three reasons: (1) the

government invited any error and did not preserve its objection in the district court;

(2) Rule 35(a) was not the proper avenue through which the government should

_____

[2]Although Del Castillo does not argue the issue, it is noteworthy that the court's correction of Del Castillo's sentence was timely. The sentence was imposed on February 9, 2006 and the resentencing occurred on February 21, 2006. Thus, the correction was made within seven days of the imposition of the original sentence. See Fed.R.Crim.P. 45(a) (excluding the day of the act that begins the period and excluding Saturdays, Sundays, and holidays).

have raised its concerns; and (3) no obvious error or mistake occurred at the original sentencing hearing. As to Del Castillo's first argument, he contends that, because the government explicitly requested that the court sentence him on count one only, the government invited any error and thus cannot challenge such error on appeal. He further asserts that the government waived a challenge to any error that occurred at the original sentencing because it failed to object to the sentence once it was imposed. He states in his second argument that Rule 35(a) is not a general rehearing provision and should not have been used in his case where the government and the court changed their minds regarding the appropriateness of the sentence. He finally argues that no clerical, arithmetical, or clear error occurred at his original sentencing, and, thus, the narrow grounds specified in Rule 35(a) did not apply.

We review de novo the question of whether the district court had authority to resentence a defendant under Fed.R.Crim.P. 35(a). United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997); see also United States v. Yost, 185 F.3d 1178, 1180-81 (11th Cir. 1999) (delineating the scope of the district court's authority to resentence a defendant under Rule 35(c), which was later renumbered Rule 35(a)).

Pursuant to Rule 35, a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 7 days after sentencing.

5

Fed.R.Crim.P. 35(a).[3]  At the time Congress added this language to Rule 35, it

explained the scope of the rule as follows:

> The authority to correct a sentence under this subdivision is intended
> to be very narrow and to extend only to those cases in which an
> obvious error or mistake has occurred in the sentence, that is, errors
> which would almost certainly result in a remand of the case to the trial
> court for further action . . . .  The subdivision is not intended to afford
> the court the opportunity to reconsider the application or interpretation
> of the sentencing guidelines or for the court simply to change its mind
> about the appropriateness of the sentence.  Nor should it be used to
> reopen issues previously resolved at the sentencing hearing through
> the exercise of the court's discretion with regard to the application of
> the sentencing guidelines. Furthermore, the Committee did not intend
> that the rule relax any requirement that the parties state all objections
> to a sentence at or before the sentencing hearing. . . . The subdivision
> does not provide for any formalized method of bringing the error to
> the attention of the court and recognizes that the court could sua
> sponte make the correction.

Fed.R.Crim.P. 35, Advisory Comm. Notes, 1991 Amendments.  "Thus, under

[Rule 35(a)], the district court may not simply change its mind, and any error to be

corrected under that subsection must be obvious."  Yost, 185 F.3d at 1181 (holding

that the district court had the authority to resentence a defendant under Rule 35(c),

which was the former Rule 35(a), where the court had committed the "obvious

error" of originally sentencing the defendant under the incorrect guideline).

In Del Castillo's case, the first count of his indictment charged him with

---

[3]Prior to 2002, the language contained in the current Rule 35(a) was located in Rule 35(c).
See Fed.R.Crim.P. 35, Advisory Comm. Notes, 2002 Amendments.  Thereafter, subsection (c) was
moved to subsection (a), but no change in practice was intended by the move.  Id.

violating 18 U.S.C. § 113(a)(3): "within the special maritime and territorial jurisdiction of the United States . . . [a]ssault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse."  Count two charged him with violating 18 U.S.C. § 113(a)(6): "within the special maritime and territorial jurisdiction of the United States . . . [a]ssault resulting in serious bodily injury." The government argued in its Rule 35(a) motion that the district court erred at the original sentencing in imposing a sentence on count one only, rather than imposing a sentence on both counts of the indictment.  Because Rule 35(a) gives the district court the authority to correct clear errors in an original sentence, the crux of the issue on appeal is whether the district court's failure to impose a sentence on both counts of Del Castillo's indictment was a clear error for purposes of Rule 35(a).

Despite the fact that the indictment charged Del Castillo with two counts, they both arose out of the same act, namely, Del Castillo stabbing Avena with a knife while aboard a United States fishing vessel.  Thus, the question becomes whether that act constituted two separate offenses.  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.  With regard to

7

§ 113(a), we have recognized that § 113(a)(3) requires proof of a specific intent, while § 113(a)(6) does not. United States v. Williams, 197 F.3d 1091, 1096 (11th Cir. 1999). In addition to the specific intent requirement, § 113(a)(3) requires proof of the use of a dangerous weapon, while § 113(a)(6) does not, and, moreover, § 113(a)(6), unlike § 113(a)(3), requires proof of the result of "serious bodily injury." See 18 U.S.C. § 113(a)(3) and (6).

Therefore, the two counts of Del Castillo's indictment constitute separate offenses because they each require "proof of an additional fact which the other does not." The district court thus committed clear error in failing to sentence Del Castillo on count two of his indictment during the original sentencing. See United States v. Guilbert, 692 F.2d 1340, 1345 (11th Cir. 1982) (affirming a district court's imposition of consecutive sentences on both counts of the defendant's indictment where the counts constituted separate offenses under the Blockburger test). Accordingly, the court properly resentenced Del Castillo pursuant to Rule 35(a) in order to correct the clear error in the original sentence. See Fed.R.Crim.P. 35(a).

Lastly, Del Castillo's arguments that the government invited and waived any error that occurred in the original sentence are without merit. The invited error doctrine specifies that, when a party invites or induces the district court into

making an error, we will not invoke plain error review and reverse on appeal. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006). The invited error doctrine is not implicated here because the government did not appeal Del Castillo's original sentence, but rather, filed a Rule 35(a) motion to correct the error in the district court. While it appears that the government induced the error in the first instance, the invited error doctrine does not require this Court to vacate the "new" sentence and remand where, as explained above, the court properly corrected a clear error in the original sentence under Rule 35(a). Similarly, the fact that the government did not object to the sentence imposed at the original hearing does not establish that the government waived any opportunity to move to correct the sentence under Rule 35(a). This is especially true where Rule 35(a) provides an avenue to correct clear errors in sentencing, which occurred here, and allows the district court to sua sponte correct such an error. See Fed.R.Crim.P. 35, Advisory Comm. Notes, 1991 Amendments.

In light of the foregoing, the district court properly granted the government's motion to correct Del Castillo's sentence. Accordingly, Del Castillo's sentence is

**AFFIRMED.**