[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17193
Non-Argument Calendar

_____

D. C. Docket No. 07-00314-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENA CELEDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2009)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Lena Celedon appeals the denial of her motion for a

new sentencing. After review, we affirm.

## I. BACKGROUND FACTS

Celedon was a courier for a large drug organization that imported cocaine from Mexico to the United States. Celedon made ten trips transporting drugs from Texas or Mexico to Houston, Texas or Atlanta, Georgia. Celedon also transported drug proceeds back to Texas. After receiving a tip from a confidential source, law enforcement stopped Celedon's tractor-trailer at a Texas border checkpoint and found a shipment of cocaine. Celedon cooperated with law enforcement and completed a controlled delivery of "sham" cocaine under the supervision of law enforcement agents.

Celedon pled guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii), and money laundering, in violation of 18 U.S.C. § 1956. At the sentencing hearing, the district court denied Celedon's request for a minor-role reduction, but granted the government's U.S.S.G. § 5K1.1 motion based on Celedon's substantial assistance. The district court sentenced Celedon to 135 months' imprisonment and five years' supervised release.[1] On September 12, 2008, the district court entered its judgment and commitment. Celedon filed a

_____

[1]Celedon does not dispute her original advisory guideline range was 262 to 327 months' imprisonment. The § 5K1.1 motion resulted in a 135-month sentence.

notice of appeal on September 17, 2008, but voluntarily dismissed her appeal on October 27, 2008.

On October 29, 2008, Celedon filed a "Motion for New Sentencing," citing Federal Rule of Criminal Procedure 33. Celedon argued that her Sixth Amendment right to confront witnesses was violated because one of her co-defendants testified at his sentencing hearing and exaggerated Celedon's culpability in the cocaine conspiracy. Because the co-defendant's sentencing preceded Celedon's, Celedon claimed that the co-defendant's testimony led the district court to refuse to give Celedon a lower sentence. Celedon argued that she was entitled to a resentencing "based on the new evidence that she discovered after her sentencing." The district court denied Celedon's Rule 33 motion, concluding that it did not have jurisdiction to modify her sentence. Celedon appealed.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons ("BOP"); (2) when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) when the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. See 18 U.S.C.

3

§ 3582(c). It is undisputed that there has been no motion by the BOP Director to modify Celedon's sentence and no amendment to the Sentencing Guidelines that subsequently lowered Celedon's sentencing range. Thus, the district court had jurisdiction to modify Celedon's sentence only if permitted by statute or Rule 35, pursuant to § 3582(c)(1)(B). This Court has concluded, based on § 3582(c)(1)(B), that district courts lack "inherent authority" to modify a sentence. United States v. Diaz-Clark, 292 F.3d 1301, 1316-18 (11th Cir. 2002). Thus, district courts may modify a sentence only via (1) Rule 35, or (2) the express statutory authority conferred by 28 U.S.C. § 2255. United States v. Diaz-Clark, 292 F.3d 1310, 1316-18 (11th Cir. 2002).[2]

Here, the district court did not err in concluding it lacked jurisdiction to modify Celedon's sentence. Celedon brought her motion under Rule 33. However, § 3582(c) prohibits a district court from modifying her sentence except when permitted by Rule 35(a) or § 2255. Thus, the district court did not have authority to modify Celedon's sentence under Rule 33.

Further, even if Celedon's motion for a new sentencing is construed as a Rule 35(a) motion, the district court did not commit reversible error.[3] Rule 35(a)

---

[2]Whether the district court had jurisdiction to resentence a defendant "is a legal question subject to plenary review." Diaz-Clark, 292 F.3d at 1315.

[3]Celedon does not argue that her motion should have been recharacterized as a § 2255 motion.

permits the district court "[w]ithin 7 days after sentencing" to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Celedon's motion was not filed within the requisite seven-day period and does not present an arithmetical or technical error.

We also reject Celedon's argument that her alleged Sixth Amendment violation constitutes "clear error." Clear error within the meaning of Rule 35(a) is limited to obvious errors that either resulted in an illegal sentence or those errors that would almost certainly result in a remand on appeal. See United States v. Lett, 483 F.3d 782, 788 (11th Cir. 2007), cert. denied, 129 S. Ct. 31 (2008); United States v. Yost, 185 F.3d 1178, 1181 (11th Cir. 2007). Celedon's Sixth Amendment claim cannot meet this standard under our precedent, which recognizes that the Sixth Amendment right to confront witnesses is a trial right, not a sentencing right. See United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).

Celedon argues that her motion should have been granted as a motion for reconsideration. The Federal Rules of Criminal Procedure do not provide a mechanism for filing a motion for reconsideration. United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir 1992). We have considered motions for reconsideration in criminal actions in the limited context of considering whether they may act as tolling motions for purposes of filing a timely appeal. See id. In

5

any event, the district court lacks "inherent authority" to modify a sentence after it is imposed.  Diaz-Clark, 292 F.3d at 1316-18.  Thus, under § 3582(c), the district court does not have authority to modify a sentence through a motion for reconsideration in the direct criminal proceedings.  United States v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006) (rejecting defendant's "creative characterization" of his Rule 35(a) motion as a motion for reconsideration and concluding that under § 3582(c)(2) "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence").

For all these reasons, we affirm the district court's denial of Celedon's motion for a new sentencing.

**AFFIRMED.**