[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12201

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

RICHARD BOND,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:19-cr-00021-LAG-TQL-14

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Bond pleaded guilty to one count of conspiring to possess with intent to distribute over 50 milligrams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. The district court sentenced Bond to 220 months' imprisonment. On appeal, Bond contests three decisions underlying the district court's sentence: (1) the district court's conclusion that Bond is a "career offender" under U.S.S.G. § 4B1.2; (2) the district court's calculation of the quantity of methamphetamine Bond conspired to possess; and (3) the district court's conclusion that it was reasonably foreseeable to Bond that a co-conspirator would use a firearm in connection with the conspiracy. We agree with Bond on the first issue and, therefore, vacate his sentence and remand for resentencing. In light of that disposition, we need not resolve the other two issues Bond raises.

The district court plainly erred when it decided that Bond qualified as a career offender based on the instant conspiracy offense. The guidelines provisions in effect at the time of Bond's sentencing did not allow for district courts to count inchoate drug offenses toward career offender status under U.S.S.G. § 4B1.2. *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). The district court's error is considered plain—and remand is necessary—even though the district court did not have the benefit of our *Dupree* decision when it sentenced Bond. *See United States v. Rodriguez*, 398

F.3d 1291, 1299 (11th Cir. 2005) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)). The United States concedes that *Dupree* requires vacatur of the sentence and remand for resentencing.[1]

Because we vacate Bond's sentence and remand for resentencing, we do not reach Bond's meth-quantity and firearm-enhancement arguments. Bond expresses concern that if we do not address these issues now, the district court will treat its prior rulings as law of the case. We are not convinced. For starters, our precedent is clear that "when a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (quotation marks omitted). So there's nothing requiring the district court to adhere to its prior conclusions. And it is not at all clear that the district court would stick to those conclusions anyway. The first time around, the district court understandably did not think these issues of much importance because, in light of the career offender enhancement, Bond's guidelines range would not have changed. We think the proper course of action is to let the district court

---

[1] Since our decision in *Dupree*, the sentencing guidelines have been amended in such a way that Bond's inchoate drug offense now counts toward career offender status. Aside from the United States briefly acknowledging the issue in a footnote of its brief, the parties have not discussed whether and to what extent the guidelines amendment should apply to Bond upon remand.

4                    Opinion of the Court                    22-12201

"revisit any rulings it made at the initial sentencing." *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999).

**VACATED AND REMANDED**