[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11262

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN NATHAN HEMINGWAY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00027-TJC-LLL-1

————————————————

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

John Nathan Hemingway appeals the district court's imposition of thirteen standard, discretionary conditions of supervised release in its written judgment that it did not orally pronounce at his sentencing for drug and firearm possession crimes. He argues that this violated his Fifth Amendment due process rights. He also argues that the district court failed to assess whether the conditions were reasonably related to achieving the goals of sentencing. The government concedes that Hemingway's due process rights were violated. We agree. Therefore, we vacate Hemingway's sentence as to the conditions of his supervised release and remand for resentencing; but we do not address Hemingway's other argument.

Generally, when a defendant fails to object to the conditions of his supervised release at sentencing, we review objections on appeal about those conditions for plain error. *See United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). But when a defendant had no opportunity to object at sentencing to discretionary conditions because the conditions were included for the first time in the written judgment, we review the related issues *de novo*. *See United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).

We recently held that, to satisfy due process requirements, "a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory

conditions set forth in 18 U.S.C. § 3583(d)." *Id.* at 1246. "A district court may easily satisfy this requirement by referencing a written list of supervised release conditions." *Id.* For example, "the court may orally adopt the conditions of supervised release recommended in the defendant's [presentence investigation report] or in a standing administrative order." *Id.* This is because "[b]y referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them." *Id.* But discretionary conditions of supervised release must be pronounced orally in some way. *See id.* at 1249.

The district court failed to do that here. As the government concedes, the district court erred in imposing discretionary conditions of supervised release in its written judgment without orally pronouncing them. Therefore, we must vacate the conditions and remand for resentencing.

Hemingway also argues that the district court failed to consider whether the conditions are reasonably related to the goals of sentencing. But we do not address this argument because "when a criminal sentence is vacated, it becomes void in its entirety; the sentence . . . has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (internal quotation marks omitted). On remand, the district court may "revisit any rulings it made at the initial sentencing" and may address this purported issue at that time. *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999); *see also Rodriguez*, 75 F.4th at 1250 n.10 ("Because we conclude that Rodriguez was denied due process with

respect to these conditions and remand for resentencing, we do not address his argument that the district court failed to adequately explain them.").

Accordingly, we **VACATE** Hemingway's sentence as to the conditions of his supervised release and **REMAND** for limited resentencing on these conditions.