[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11576

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL IRA JOHNSON,
a.k.a. "Shotta",
a.k.a. "Lajon Black",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:22-cr-00046-PGB-EJK-1

————————————————

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Daniel Johnson appeals his 90-month sentence, which the district court imposed after he pled guilty via a plea agreement to three counts in an indictment. For the reasons that follow, we vacate his sentence and remand for resentencing.

Johnson pled guilty to transferring a firearm to a nonresident, in violation of 18 U.S.C. § 922(a)(5) (Count One), conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (Count Three), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 5). Count One carried a 5-year statutory maximum, Count Three carried a 20-year statutory maximum, and Count Five carried a 2-year mandatory minimum, which was required to be imposed consecutively to any other terms of imprisonment. In anticipation of sentencing, a probation officer prepared a presentence investigation report in which the officer calculated a Sentencing Guidelines range of 78 to 97 months' imprisonment on Counts One and Three and a sentence of 2 years for Count Five. At sentencing, the district court adopted this calculation. The court imposed a sentence of 90 months of imprisonment, explaining that 66 months were for Counts One and Three to be served concurrently and that the remaining 24 months were for Count Five.

Johnson has appealed. He argues that the district court plainly erred in imposing a 66-month term of imprisonment for Counts One and Three despite Count One having a statutory maximum of 60 months.[1] *See* 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D). The government agrees, and we do too. "A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." *United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (internal quotation marks omitted). "Such sentences are *per se* illegal in this circuit, and require a remand." *Id.*; *see Benson v. United States*, 332 F.2d 288, 291 (5th Cir. 1964) ("One thing sure about the so-called 'general sentence' for a total term greater than the maximum of one count but less than the aggregate of all maximums is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is.").[2]

---

[1] We usually review *de novo* the legality of a sentence. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005). But where, as here, a defendant fails to object to the sentence's legality before the district court, we review only for plain error. *Id.* We find plain error only when: (1) an error has occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affected the fairness of the judicial proceedings. *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022). A defendant's substantial rights are affected if the error "affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In light of this error, we remand for resentencing (and we reject the government's invitation for a more limited remand). "[W]e have adopted a holistic approach to resentencing, treating a criminal sentence as a package of sanctions that may be fully revisited upon resentencing." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (emphasis omitted) (internal citation and quotation marks omitted). This approach, often called the sentencing package doctrine, is grounded in the notion that, "especially in the [Sentencing G]uidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant [18 U.S.C.] § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). So, when a conviction or sentence for one or more of the component counts is vacated, the district court "should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.* (relating to vacatur of a conviction); *see United States v. Pearson*, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (relating to vacatur of a sentence); *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999) (same).[3]

---

[3] Johnson also argues that the district court erred in calculating the loss amount that produced his Sentencing Guidelines range and in failing to orally pronounce 13 standard conditions of supervised release, in violation of our decision in *United States v. Rodriguez*, 75 F.4th 1231 (11th Cir. 2023). Johnson's

23-11576                Opinion of the Court                5

In sum, we vacate Johnson's sentence. We remand for the district court to resentence him.

**VACATED AND REMANDED.**

---

plea agreement contained an appeal waiver, and the government has argued that these challenges are barred by that waiver. Because we remand for a *de novo* resentencing, we need not decide whether the appeal waiver in Johnson's plea agreement bars his challenges, or, if not, whether the challenges have merit. *See Yost*, 185 F.3d at 1181 (explaining that the effect of a decision vacating a sentence and remanding for resentencing is that "the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing").