United States Court of Appeals,

Eleventh Circuit.

No. 95-6677.

Mark Anthony MOSES, Plaintiff-Appellant,

v.

AMERICAN NONWOVENS, INC., Defendant-Appellee.

Sept. 27, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-94-C-2297-W), U. W. Clemon, District Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and FARRIS[*], Senior Circuit Judge.

PER CURIAM:

Mark Moses has epilepsy. He brought a claim against American Nonwovens, Inc. alleging that it fired him in violation of the Americans with Disabilities Act. 42 U.S.C. § 12101 et seq. Moses appeals the district court's summary judgment. We have jurisdiction. 28 U.S.C. § 1291. We affirm.

To defeat a motion for summary judgment, the nonmoving party may not rely on "mere allegations." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citation omitted). It must raise "significant probative evidence" that is "sufficient" for the jury "to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2510. Summary judgment may be granted if the evidence is "merely colorable." *Id.*

The ADA provides that an employer may not "discriminate against a qualified individual with a disability because of the

_____

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

disability ... in regard to ... [the] discharge of employees...."
42 U.S.C. § 12112(a). An employer may fire a disabled employee if
the disability renders the employee a "direct threat" to his own
health or safety. 42 U.S.C. §§ 12113(a), (b); *see also* 29 C.F.R.
§ 1630.2(r). But there is no direct threat defense if the employer
could have made "reasonable accommodation[s]." 42 U.S.C. 12113(a).
The employee retains at all times the burden of persuading the jury
either that he was not a direct threat or that reasonable
accommodations were available. *See Benson v. Northwest Airlines,
Inc.,* 62 F.3d 1108, 1112 (8th Cir.1995) (citing *St. Mary's Home
Center v. Hicks,* 509 U.S. 502, 506-13, 113 S.Ct. 2742, 2747-50, 125
L.Ed.2d 407 (1993)).

American admits that it fired Moses because of his epilepsy,
and Moses does not deny that there was a significant risk that if
he had continued working at American, he would have had seizures on
the job. The issues are whether Moses produced evidence from which
a reasonable jury could conclude (1) that he was not a direct
threat or (2) that reasonable accommodations were available.

Moses failed to produce probative evidence that he was not a
direct threat. Each of Moses's assigned tasks presented grave
risks to an employee with a seizure disorder. As a product
inspector, Moses sat on a platform above fast-moving press rollers.
As a web operator, he sat underneath a conveyer belt with
in-running pinch-points. And as a Hot Splicer Assistant, he worked
next to exposed machinery that reached temperatures of 350 degrees
Fahrenheit. Moses maintains that as long as he followed
instructions and worked "downstream" from the equipment, there was

no risk of harm.  But the only supporting evidence to which he points is the deposition of Danny Avery, a manager at American, who stated that he always warned new employees that they should work "upstream" from the motion of the equipment so that it would "push you out of it rather than pull you into it."  This testimony is insufficient:  first, Avery suggests that it was more dangerous to work downstream, but he does not imply that it would be safe for epileptics to work upstream;  second, Avery is referring to work on a specific machine, not to all of the tasks Moses was expected to perform.

Even though there is no genuine issue of material fact as to whether Moses was a direct threat, he could still defeat American's motion by producing probative evidence that reasonable accommodations were available.  But Moses points to no probative evidence suggesting that American could have made his work sites safe.

Moses's primary arguments are that American failed to investigate his condition and failed to consider possible accommodations. Neither is persuasive. When American fired Moses, it knew he was taking medication for his epilepsy but that his medication was not controlling his seizures.  This is not a case like *Kelly v. Bechtell Power Corp.,* 633 F.Supp. 927 (S.D.Fla.1986), in which the employee, although diagnosed as epileptic, had never suffered a seizure, and the employer had no basis for concluding that he was likely to suffer one.  *Id.* at 933 (interpreting the Florid Human Rights Act).

We are more troubled by the evidence that American failed to

investigate possible accommodations. No language in the ADA mandates a pretermination investigation, but the EEOC advises that "the employer must determine whether a reasonable accommodation would ... eliminate" the direct threat. 29 C.F.R. §§ 1630.2(r), 1630.9, Interp. Guidance. We are persuaded that American's failure to investigate did not relieve Moses of his burden of producing probative evidence that reasonable accommodations were available. A contrary holding would mean that an employee has an ADA cause even though there was no possible way for the employer to accommodate the employee's disability. Stated differently: An employer would be liable for not investigating even though an investigation would have been fruitless. We are confident that although the ADA does not mandate a pretermination investigation, the possibility of an ADA lawsuit will, as a matter of practice, compel most employers to undertake such an investigation before terminating a disabled employee.

The district court did not err in granting American's motion for summary judgment.

AFFIRMED.