[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12278
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00825-MHH


MICHAELENE TETTEH,

Plaintiff-Appellant,

versus

WAFF TELEVISION,
RAYCOM MEDIA, INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 17, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Michaelene Tetteh worked as a sports anchor, reporter, and photographer for WAFF Television and Raycom Media, Inc. (collectively "WAFF"). In that capacity, Tetteh attended sports events, served as an on-air personality, and shot footage using a camera that WAFF provided. In February 2009 Tetteh suffered an injury while filming one such event when a basketball player crashed into her. As a result of that injury, her physician imposed "lifting restrictions," which prevented her from lifting objects weighing over 5 pounds, and those restrictions extended to the approximately 20-pound camera she ordinarily used on her assignments. Tetteh informed WAFF of her injury and suggested that she could use a lighter camera or have another photographer accompany her on assignments. WAFF advised Tetteh that she could not return to work until she was able to carry the camera it provided. When Tetteh eventually attempted to return to work, WAFF informed her that she had been replaced and no other positions were available for her.

Tetteh brought this pro se lawsuit against WAFF, alleging disability discrimination in violation of the Americans with Disabilities Act.[1] The magistrate judge issued a report recommending that the district court grant summary judgment in favor of WAFF on the ground that Tetteh was not a "qualified individual"

---

[1] Tetteh asserted a number of other claims against WAFF and the district court granted summary judgment in favor of WAFF on all of them. Tetteh appeals only the district court's grant of summary judgment with respect to her claim of disability discrimination.

2

within the meaning of the ADA.  Specifically, the magistrate judge found that photography was an essential function of Tetteh's employment and that she had failed to show that reasonable accommodations were available that would have rendered her able to perform that function.  The district court adopted the report and recommendation, and granted summary judgment against Tetteh.  This is her appeal.[2]

We review de novo a district court's grant of summary judgment, viewing the facts in the light most favorable to the non-moving party.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998).  "Summary judgment is appropriate if the record shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Id. (quotation marks omitted).

The ADA prohibits covered employers from "discrimat[ing] against a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  "[T]o establish a prima facie case of discrimination in violation of the ADA, the plaintiff must prove that (1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability."  Morisky v. Broward Cty., 80 F.3d 445, 447 (11th Cir. 1996).  Here, the parties

---

[2] In conjunction with this appeal, WAFF has filed a motion to exclude additional evidence that Tetteh included as an appendix to her reply brief.  Because Tetteh did not introduce that evidence to the district court, despite the opportunity to do so, we will not consider it on appeal.  WAFF's motion to exclude that evidence is denied as moot.

3

disagree about the second element, that is, whether Tetteh is a qualified individual within the meaning of the ADA.  A person is a "qualified individual" when she is "able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation."  Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000).

Tetteh first contends that the district court erred in finding that video photography was an essential function of her job.  "Essential functions are the fundamental job duties of the employment position."  Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1258 (11th Cir. 2001) (quotation marks omitted).  "Determining whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis."  Id.  "[I]n conducting this inquiry, consideration shall be given to the employer's judgment and if an employer has prepared a written description for the job, this description shall be considered evidence of the essential functions of the job."  Id. (quotation marks and alterations omitted).

Here, the parties' employment agreement explicitly provided that Tetteh's duties included "acting as Sports Anchor/Reporter/Photographer," and Tetteh acknowledges that the term "photographer," as used in the television news industry, encompasses a person who operates a video camera.  More to the point, Tetteh concedes that her "job duties . . . included carrying a video camera and

4

shooting video footage." In light of those facts, video photography was an essential function of Tetteh's job and that function necessarily required her to carry a video camera.

Tetteh next contends that even if video photography was an essential function of her job, reasonable accommodations were available that would have rendered her able to perform that function. Reasonable accommodations are "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). The employee has "the burden of persuading the [factfinder] that reasonable accommodations were available." Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 (11th Cir. 1997).

Tetteh maintains that at least two reasonable accommodations were available that would have rendered her able to perform video photography work. She first argues that WAFF could have provided her with a lighter camera. That argument fails. Although she had the opportunity to do so, Tetteh did not present the district court with any credible evidence that another video camera was available that both fell within her lifting restrictions and was compatible with WAFF's broadcasting equipment. Although she asserts that WAFF failed to research whether such a camera existed, "[an employer's] failure to investigate d[oes] not relieve [the

5

employee] of h[er] burden of producing probative evidence that reasonable accommodations were available." Moses v. Am. Nonwovens, Inc., 97 F.3d 446, 448 (11th Cir. 1996). Accordingly, Tetteh has failed to show that WAFF could have accommodated her disability by supplying a lighter video camera.

Tetteh next argues that WAFF could have accommodated her disability by having another photographer accompany her on assignments while she was recovering from her injuries. That argument likewise fails. Even if WAFF could have assigned another photographer to assist Tetteh, the ADA does not require an employer "to reallocate job duties in order to change the essential functions of a job." Earl v. Mervyns, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000) (quotation marks omitted). Because Tetteh has not shown that reasonable accommodations were available, she has failed to show that she was a qualified individual within the meaning of the ADA. And because she has failed to show that she was a qualified individual, her claim of disability discrimination fails. The district court therefore correctly granted summary judgment against her.

**AFFIRMED.**