[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11436
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cr-00016-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 2, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Butler appeals his 360-month total sentence, imposed at the bottom of the guideline range after pleading guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and to one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 942(c)(1)(A).  First, Butler argues that the district court erred in resentencing him on both of his counts of conviction under Rule 35(a) of the Federal Rules of Criminal Procedure.  Second, Butler contends that the district court erred by denying the government's motion for a one-level reduction of his base offense level under U.S.S.G. § 3E1.1(b).  Last, Butler argues that his total sentence is procedurally and substantively unreasonable.  We address each of those arguments in turn.

## I.    Resentencing Under Rule 35(a) of the Federal Rules of Civil Procedure

In reviewing a district court's application of the Guidelines, we apply the version of the Guidelines in effect on the date of the defendant's sentencing hearing.  *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011).  We review *de novo* the district court's legal conclusion regarding the scope of its authority under the Sentencing Guidelines.  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  Moreover, we have stated that we will review *de novo* a district court's legal determinations concerning a resentencing under Rule 35(a).  *United States v. Lett*, 483 F.3d 782, 791 (11th Cir. 2007).  Under our prior

2

precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).

As relevant here, district courts do not have the authority to modify a term of imprisonment that has been formally imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Rule 35(a) permits district courts to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Fed. R. Crim. P. 35(a).

In *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999), we held that when a district court resentences a defendant under Rule 35(c)[1] in order to correct a clear error, the district court may conduct an entire resentencing as to each of the counts of conviction. There, we noted that our precedent provided that district courts must use a "holistic approach" in fashioning a sentence, and that "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines." *Id.* (citing *United States v. Stinson*, 97 F.3d 446, 469 (11th Cir. 1996)). Moreover, we noted that "[u]nder this holistic approach, we have held that when we vacate a

---

[1] This provision was moved to its current location, subsection (a), as part of the 2002 amendment to the rule. *See* Fed. R. Civ. P. 35, advisory committee's notes (2002).

3

sentence and remand for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing." *Id.* Thus, we opined that we saw "no reason why the same should not be true when the district court resentences under Rule 35(c)," and, consequently, we held that "it takes only one clear error to give the district court authority under Rule 35(c) to conduct an entire resentencing at which the court may correct any other errors, clear or not." *Id.*

U.S.S.G. § 5G1.2(e) provides the following directive regarding the interplay between the career offender guidelines and multi-count convictions where one of those convictions is under 18 U.S.C. §§ 924(c) or 929(a):

> In a case in which subsection (c) of § 4B1.1 (Career Offender) applies, to the extent possible, the total punishment is to be apportioned among the counts of conviction, except that (1) the sentence to be imposed on a count requiring a minimum term of imprisonment shall be at least the minimum required by statute; and (2) the sentence to be imposed on the 18 U.S.C. § 924(c) or § 929(a) count shall be imposed to run consecutively to any other count.

U.S.S.G. § 5G1.2(e).

The district court did not err in resentencing Butler on both of his counts of conviction. Our precedent provides that when a district court conducts a resentencing under Rule 35(a), it is free to revisit all of its prior sentencing rulings. *Yost*, 185 F.3d at 1181. Therefore, Butler's argument that the district court could

4

not resentence him on all of his counts of conviction is foreclosed by our precedent. *Id.*; *see also Sneed*, 600 F.3d at 1332 (prior precedent rule). Accordingly, we affirm in this respect.

## II.    Acceptance of Responsibility

Generally, we review the denial of an acceptance-of-responsibility reduction for clear error. *United States v. Knight,* 562 F.3d 1314, 1322 (11th Cir. 2009). "Whether a defendant is entitled to a sentencing reduction for acceptance of responsibility is a factual determination that must be affirmed on appeal unless clearly erroneous." *United States v. Hromada*, 49 F.3d 685, 688-89 (11th Cir. 1995). Because of its proximity to the defendant, a district court's assessment of a defendant's acceptance of responsibility under U.S.S.G. § 3E1.1 is entitled to great deference. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). Accordingly, a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment will not be set aside "unless the facts in the record clearly establish that the defendant has accepted responsibility." *Id*. at 1022-23.

A defendant is entitled to a one-level reduction, pursuant to § 3E1.1(b), if, among other conditions, the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the

5

government and the court to allocate their resources efficiently." U.S.S.G.

§ 3E1.1(b) (2012). "Because the Government is in the best position to determine

whether the defendant has assisted authorities in a manner that avoids preparing for

trial, [the reduction] may only be granted upon a formal motion by the Government

at the time of sentencing." *Id.* § 3E1.1 comment. (n.6); *see United States v. Wade*,

458 F.3d 1273, 1282 (11th Cir. 2006) (rejecting a claim for a one-level reduction

under § 3E1.1(b) because the government did not move for it).

In determining whether a defendant qualifies for the reduction, a district

court may consider whether the defendant "truthfully admitt[ed] the conduct

comprising the offense(s) of conviction, and truthfully admitt[ed] or [did] not

falsely deny[] any additional relevant conduct for which the defendant is

accountable under § 1B1.3 (Relevant Conduct)." *Id.* § 3E1.1, comment. (n.1(A)).

Other considerations include: withdrawal from criminal conduct or associations;

voluntary assistance to authorities in the recovery of the fruits and instrumentalities

of the offense; and the timeliness of the defendant's conduct in manifesting the

acceptance of responsibility. *Id.* at comment. (n.1(B), (E), (H)).

Although a guilty plea will constitute significant evidence of acceptance of

responsibility, the evidence may be outweighed by conduct that is inconsistent

with acceptance. *See United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997).

We have held that committing offenses, including drug use, while out on bond may

6

indicate that a defendant has not accepted responsibility for his criminal conduct. *See United States v. Villarino*, 930 F.2d 1527, 1529-30 (11th Cir. 1991) (upholding the district court's denial of a reduction for acceptance of responsibility where the defendant continued to engage in criminal behavior while out on bond); *United States v. Scroggins*, 880 F.2d 1204, 1215-16 (11th Cir. 1989) (upholding the district court's denial of a reduction for acceptance of responsibility where the defendant used drugs while out on bond, finding that, by continuing to engage in criminal behavior, the defendant had not accepted responsibility for his actions).

The district court did not clearly error in denying Butler a one offense-level reduction for acceptance of responsibility under § 3E1.1(b). While he was out on bond in this case, Butler was arrested and charged with, among other things, possession of two different controlled substances. Butler's bond was subsequently revoked because he was charged with those offenses, and also because he failed to report to his pretrial supervision officer on multiple occasions. Therefore, Butler's conduct indicated that he had not fully accepted responsibility for his criminal behavior. Accordingly, the district court did not clearly err in finding that a one-level reduction under § 3E1.1(b) was not appropriate this case, and we affirm in this respect.

III.

7

Generally, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (*en banc*). However, when a defendant is offered an opportunity to object to the procedural reasonableness of his sentence after it is imposed, but he fails to do so, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (standard of review); *see also United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir. 1990) (post-sentence colloquy), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). To demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). "Plain" error means that the legal rule is clearly established at the time the case is reviewed on direct appeal. *Id.*

The sentencing judge is in a superior fact-finding position because he "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007) (quotation omitted). The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

8

We determine, first, whether the district court committed any "significant procedural error," and second, whether the sentence was "substantively reasonable under the totality of the circumstances." *Turner*, 626 F.3d at 573.  In determining whether a district court committed a "significant procedural error," we consider several factors, including, among others, whether the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, considered clearly erroneous facts, or adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  A sentencing court may not automatically presume that the applicable guidelines range is reasonable. *Nelson v. United States*, 555 U.S. 350, 352, 129 S.Ct. 890, 892, 172 L. Ed. 2d 719 (2009).  Moreover, if, following *Booker*, "a district court applies the guidelines as though they were mandatory or treats the range as presumptively reasonable**,** that is procedural error."  *United States v. Hill*, 643 F.3d 807, 880 (11th Cir. 2011).

A substantively reasonable sentence is one that is "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences

available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Although the district court must consider the § 3553(a) sentencing factors, it is not required to explicitly discuss or state on the record that it has considered each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Even if the district court fails to articulate explicitly that it has considered the § 3553(a) factors, the sentence is not rendered unreasonable if the record indicates that the court did, in fact, consider a number of the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). We have held that "in consideration of the § 3553(a) factors, the district court need not discuss or state each factor explicitly[;] . . . [a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Additionally, while we have declined to adopt a presumption of reasonableness as to sentences within the guidelines range, we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). We will not vacate a sentence as substantively unreasonable unless we are left with a definite and firm conviction that the district court clearly

10

erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *Irey*, 612 F.3d at 1190.

As an initial matter, because Butler did not object to the procedural reasonableness of his total sentence as either violative of *Booker*, or reflective of an incorrect balancing of § 3553(a) factors, after his sentencing, even when offered an opportunity to do so, we will review his challenges to his total sentence on that basis for plain error. *Vandergrift*, 754 F.3d at 1307; *see Jones*, 899 F.2d at 1103. Regardless of the standard of review, however, we conclude that the district court did not err, plainly or otherwise, in determining Butler's total sentence. First, because the district court explicitly referred to the guidelines as being only advisory, the record refutes Butler's claim that the district court viewed the career offender guidelines as being binding law that it must follow without deviation, in violation of *Booker*. Second, the district court did not err by not explicitly discussing the Sentencing Commission's 2016 report on career offender sentencing enhancements because that report is not binding, and, moreover, because district courts are not required to discuss or explicitly refer to each of the § 3553(a) factors. *Gonzalez*, 550 F.3d at 1324.

As to the substantive reasonableness of Butler's total sentence, we conclude that Butler has not met his burden of showing that his within-guideline sentence is substantively unreasonable. *Turner*, 626 F.3d at 573. To start, because Butler's

11

total sentence is within the guideline range, we can expect, but not presume, that his total sentence is reasonable. *Docampo*, 573 F.3d at 1101. Moreover, even though Butler disagrees with how the district court sentenced, he has not shown—by pointing primarily to the findings in the Sentencing Commission's 2016 report on the career offender guidelines—that "the district court committed a clear error of judgment in weighing the § 3553(a) factors," and thus he fails to sustain his burden of showing that his total sentence is unreasonable. *Irey*, 612 F.3d at 1190. Accordingly, we affirm his total sentence.

**AFFIRMED.**