[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-14619

_____

D.C. Docket No. 2:07-cr-00072-RDP-SGC-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

RODERICK CORLION PEARSON,
a.k.a. Bullet,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 15, 2019)

Before TJOFLAT and NEWSOM, Circuit Judges, and ANTOON,* District Judge.

TJOFLAT, Circuit Judge:

---

* Honorable John Antoon II, Senior United States District Judge for the Middle District of Florida, sitting by designation.

After robbing two banks in as many weeks, Roderick Pearson was indicted on five counts. He pled guilty to three of those, and a jury convicted him on the other two. He was sentenced for all five. A little over three years ago, we gave Pearson permission to file a successive motion under 28 U.S.C. § 2255.[1] In that motion, he collaterally attacked his sentence for one of the five counts and argued his sentence for that count was longer than the law allowed. The District Court granted relief on that count, vacated Pearson's sentence, and held a resentencing hearing. At the resentencing hearing, Pearson raised a brand new § 2255 challenge. The District Court denied the § 2255 challenge on the merits and handed down a new sentence. Pearson now appeals the denial of his brand new § 2255 challenge and his new sentence.

We hold that the District Court didn't have jurisdiction over Pearson's brand new § 2255 challenge because we never gave Pearson permission to raise it. Thus, we vacate the Court's merits decision and remand with instructions to dismiss the new § 2255 challenge. We also hold that Pearson failed to meet his burden of showing that his new sentence is substantively unreasonable.

I.

A.

---

[1] As relevant for our purposes, § 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate . . . the sentence" if he believes his "sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

2

During a two-week period between January 12 and January 25, 2007, Pearson robbed two Alabama banks at gunpoint. He followed a similar routine at both banks: he walked into the banks with his face covered; he pulled out a handgun and told everyone to get on the floor; then he ordered the tellers to put money in a bag. Pearson made off with roughly $5,000 from the first bank and $12,000 from the second. He was arrested soon after the second robbery and had $11,610 in cash and a pistol on him. He admitted that he was involved in the second robbery, but he said he wasn't the person who actually robbed the bank at gunpoint.

## B.

After those two bank robberies, on February 28, 2007, Pearson was indicted on five counts. Counts One and Three were for the robberies themselves.[2] Counts Two and Four were for brandishing a firearm during those robberies.[3] And Count Five was for possessing a firearm (during the second robbery) as a convicted felon.[4] On May 7, Pearson pled guilty to Counts Three, Four, and Five. The trial proceeded on Counts One and Two, and the jury found him guilty as charged.

---

[2] 18 U.S.C. § 2113(a).

[3] *Id.* § 924(c)(1)(A)(ii).

[4] *Id.* § 922(g)(1).

3

Before his sentencing hearing on August 16, 2007, the District Court's probation office prepared a presentence report ("PSR") that prescribed a Guidelines sentencing range of 646 to 711 months' imprisonment for the five convictions as a whole.  The Guidelines dictated this range in large part because Counts Two, Four, and Five carried hefty mandatory minimums for Pearson.

First, on Count Two, Pearson was subject to a mandatory minimum sentence of 84 months to be imposed consecutively to the sentences on Counts One, Three, and Five under 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(D)(ii) because he "brandished" a firearm during the commission of the Count One robbery.

Likewise, second, on Count Four, he was subject to a mandatory minimum sentence of 300 months to be imposed consecutively to the sentences on Counts One, Two, Three, and Five under 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i) because he "brandished" a firearm during the commission of the Count Three robbery.

Third, on Count Five, Pearson was subject to a mandatory minimum sentence of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had three prior convictions for "violent felonies" as defined in the ACCA.

At Pearson's sentencing hearing, the District Court adopted the sentencing range that was computed in the probation office's presentence report.  The District

Court noted that a sentence within the Guideline range would be "a very, very substantial sentence"—too substantial, in fact—and varied down below the range. But the Court could only vary down so much (82 months from the low end of 646 months) because of the substantial mandatory minimums that Counts Two, Four, and Five carried.

As a result, the Court sentenced Pearson to each of the mandatory minimums, to run consecutively, as it was required to do. With no mandatory minimums for Counts One and Three, the Court used its discretion in crafting a sentence for those two.[5] Specifically, it grouped Counts One and Three with Count Five and borrowed Count Five's 180-month sentence. It then sentenced Pearson to 180 months each for Counts One and Three, and those sentences would run concurrently with Count Five. So Pearson's total sentence was 564 months.

Pearson appealed and challenged his convictions and total sentence, and we affirmed. *See United States v. Pearson*, 308 F. App'x 375, 376 (11th Cir. 2009) (per curiam).

## C.

Next, in November of 2009, Pearson filed a *pro se* motion to vacate his convictions and sentence under 28 U.S.C. § 2255. He argued that his Count Two

---

[5] Counts One and Three did have a maximum sentence of 240 months. *See* 18 U.S.C. § 2113(a).

5

and Four convictions should be vacated because the indictment failed to allege every element of the offenses. The District Court held that this claim was procedurally defaulted and denied Pearson's motion on August 10, 2011.[6]

### D.

About four years after Pearson's § 2255 motion was denied, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[7] *See* 135 S. Ct. at 2563. The next year, the Supreme

---

[6] The claim was procedurally defaulted because he could have raised it on direct appeal but did not. Pearson raised the same essential-elements argument before trial in a motion to dismiss the indictment. The District Court denied it. On direct appeal, Pearson could have challenged this ruling but did not. Thus, the claim was procedurally defaulted and was not cognizable in a § 2255 motion unless he could show (1) cause and prejudice or (2) a miscarriage of justice to excuse the default. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction . . . on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004))).

[7] The ACCA defines "violent felony" as

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another [this is known as the elements clause]; or

(ii)  is burglary, arson, or extortion, involves use of explosives, [this is known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [this is known as the residual clause] . . . .

18 U.S.C. § 924(e)(2)(B).

6

Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

After these two decisions, Pearson filed in this Court an application for leave to file a second or successive § 2255 motion. He was required by statute to do this before filing a second or successive § 2255 motion in the District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In his application, Pearson said that he wanted to challenge his Count Five sentence as unconstitutional. Specifically, he said, in light of *Johnson* and *Welch*, the three felony convictions the District Court relied on in sentencing him under the ACCA no longer qualified as violent felonies. *See In re Pearson*, No. 16-12277-J, slip op. at 2 (11th Cir. May 26, 2016). And without those three predicate offenses, he wouldn't qualify for the ACCA's enhancement. *Id.* In other words, Count Five would carry no mandatory minimum sentence.

We held that Pearson made a *prima facie* showing that he satisfied statutory requirements[8] and granted Pearson's application. *See id.* at 5. We explained that *Johnson* impacted Pearson's sentence on Count Five because, if the felonies the

---

[8] As relevant here, Pearson had to make a *prima facie* showing that his claim raised "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 1 (quoting 28 U.S.C. § 2255(h)(2)).

7

District Court relied on did not qualify as violent felonies, the ACCA's 180-month mandatory-minimum-sentence requirement would not apply. *Id.* at 3. Rather, Count Five would carry only a 120-month *maximum* sentence. *Id.* at 3–4. Thus, the absolute minimum sentence would decrease by 180 months because there was no longer any mandatory minimum for that count.[9]

Next, Pearson filed a second or successive § 2255 motion in the District Court. The Government conceded that Pearson no longer qualified for the ACCA enhancement and agreed that his Count Five sentence should be vacated. The District Court granted the second or successive § 2255 motion and vacated Pearson's Count Five sentence.

The Court then relied on its authority under the "sentencing package doctrine" and vacated Pearson's sentences for Counts One and Three.[10]

---

[9] In granting Pearson's application to file a second or successive motion, we erroneously stated that "the new minimum under *Johnson* is 504 months' imprisonment, and not 564." *Id.* at 4. It appears that we treated the new 120-month *maximum* sentence as a new *minimum* sentence. This was clearly an oversight. The new absolute minimum sentence was 384 months' imprisonment, down from 564 months, because Count Five no longer carried any mandatory minimum.

[10] We have noted that "[t]he label 'sentencing package doctrine' is a bit of a misnomer." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). "It is not so much a doctrine as it is a common judicial practice grounded in a basic notion of how sentencing decisions are made in cases involving multiple counts of conviction." *Id.* In the Guidelines era, especially, "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant [18 U.S.C.] § 3553(a) factors." *Id.* Therefore, if a sentence is vacated on one of the component counts—here, Count Five—"the district court should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with

Specifically, the Court said that it "plainly considered the sentences for Counts One, Three, and Five to be part of the same sentencing package when it" handed down Pearson's original sentence. "In hindsight," the Court noted, "the sentencing package was off the mark because the ACCA enhancement for Count Five's sentence was based on the now-void residual clause."

---

the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.*

At first blush, the sentencing package doctrine might seem inconsistent with § 2255 because the Court's power to vacate a sentence under § 2255 is triggered only *after* it "finds that the . . . sentence imposed was not authorized by law or otherwise open to collateral attack." 28 U.S.C. § 2255(b). Yet the sentencing packaging doctrine allows the District Court here to modify the Count One and Count Three sentences, even though those sentences were authorized by law and not open to collateral attack, because a sentence imposed on a separate count—the Count Five sentence—had a constitutional problem.

So, how do we square the sentencing package doctrine with § 2255? This Circuit has married the two concepts with a broad reading of § 2255(b). Section 2255(b) says "[i]f the court finds that the . . . sentence imposed was not authorized by law or otherwise open to collateral attack, . . . the court shall . . . resentence him . . . *or correct the sentence as may appear appropriate*." (emphasis added). Persuaded by a Third Circuit opinion, this Court held that § 2255 allows a court to adjust a sentence for a count that wasn't challenged in a § 2255 motion. *See United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997) (citing *United States v. Davis*, 112 F.3d 118, 121–22 (3d Cir. 1997)). In *Davis*, the Third Circuit explained that the "plain language of § 2255 does not support [the] argument that in all circumstances, the court is limited in its resentencing options to only the count challenged in the motion. Instead, the plain language does not restrict the word 'sentence' and authorizes the court to act 'as may appear appropriate.'" 112 F.3d at 121 (citation omitted). From this, the Third Circuit concluded that § 2255(b) "confers upon the district court broad and flexible power in its actions following a successful § 2255 motion." *Id.* Perfect or not, this is how our Court has chosen to harmonize the two concepts.

Finally, we also point out that the Government did not object to the Court's vacating the sentences for Counts One and Three on the same-sentencing-package ground. Nor has it raised the issue on appeal.

9

Next, the District Court held a resentencing hearing, which we discuss in more detail below, and sentenced Pearson to 447 months' imprisonment (down from 564 months):

- Counts One, Three, and Five: 63 months for each (down from 180 months), to run concurrently;

- Count Two: 84 months (the same as the first sentence), to run consecutively; and

- Count Four: 300 months (also the same as the first sentence), to run consecutively.

At the resentencing hearing, Pearson also challenged his convictions for Counts Two and Four (brandishing a firearm during and in relation to a crime of violence). He argued that those convictions must be vacated because the indictment failed to allege every element of the crime. Specifically, he claimed that the indictment did not allege that he "used, possessed, or carried the firearm." Of course, this argument was outside the scope of Pearson's second or successive § 2255 motion. And more importantly, it was beyond the authorization that this Court gave the District Court to consider the motion. Remember, we authorized the District Court to consider Pearson's *Johnson* claim—that's it. The Government never mentioned that this was an unauthorized claim and instead argued that the indictment sufficiently laid out all of the elements. The Court overruled the objection on the merits, finding that the indictment clearly put Pearson on notice of the charges against him.

10

Pearson appeals and makes two arguments.  First, he says that his convictions for Counts Two and Four (brandishing a firearm during and in relation to a crime of violence) violate his constitutional rights because the indictments didn't allege every element of the offenses.  Second, he claims that his 447-month sentence is substantively unreasonable.

## II.

We consider Pearson's two arguments separately.

## A.

We make quick work of Pearson's first argument.  As we have explained, Pearson was required to ask this Court for permission to raise a claim in a successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Because he didn't ask, the District Court never had subject matter jurisdiction over it.  *See* 28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h).  Thus, we vacate the District Court's merits decision and remand with instructions to dismiss the claim for lack of subject matter jurisdiction.[11]

---

[11] Pearson argues that this issue was properly preserved for appeal because he raised it in the District Court and got a definitive ruling on the merits.  While true, this point doesn't help

We note that we do not need a certificate of appealability to vacate the District Court's improper merits decision. Because the District Court did not have jurisdiction over the claim, it did not have the power to deny the claim on the merits. *See United States v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016) ("Without subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction."). It's true that, without a certificate of appealability, we have no jurisdiction to review a "final order in a proceeding under section 2255." *See* 28 U.S.C. § 2253(c)(1)(B); *Gonzalez v. Thaler*, 565 U.S. 134, 142, 132 S. Ct. 641, 649 (2012) (explaining that § 2253(c)(1) is jurisdictional). But this jurisdictional bar does not prevent us from vacating a decision because the lower court didn't have the power to make that decision in the first place. Indeed, when a district court improperly denies on the merits an unauthorized second or successive § 2255 claim, we regularly vacate that decision and remand with instructions to dismiss the claim for lack of subject matter jurisdiction.

## B.

Next, we consider whether Pearson's 447-month sentence is substantively reasonable. We review the reasonableness of a sentence under an abuse-of-

Pearson because the District Court's definitive ruling did nothing to cure the jurisdictional defect.

12

discretion standard, and we consider the totality of the circumstances and the factors listed in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

We have said that "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant [§ 3553(a)] factor, or (3) commits a clear error of judgment in considering the proper [§ 3553(a)] factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)). The District Court's sentence must be "sufficient, but not greater than necessary, to comply with the" § 3553(a) factors. *See* 18 U.S.C. § 3553(a). The weight given to any specific § 3553(a) factor is left to the District Court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

At the resentencing hearing, the District Court only revisited Pearson's sentences for Counts One, Three, and Five. Remember, the Court vacated only those three sentences when it granted Pearson's second or successive § 2255 petition. Plus, both Counts Two and Four carried mandatory minimum sentences. The Court noted that, without the ACCA enhancement, the Guideline range for Counts One, Three, and Five was 63 to 78 months. The Count then sentenced

Pearson to 63 months for each count, to run concurrently. Together with the mandatory minimum sentences for Counts Two and Four, the sentence for Counts One, Three, and Five drove Pearson's total sentence to 447 months.

The Court was both deliberate and thoughtful in handing down this sentence. It noted that there is a "good argument" for imposing a sentence at the high end of the Guideline range, or even above the range, when a person robs two banks in a short period of time the way that Pearson did. But based on Pearson's unique circumstances, the Court chose a sentence at the low end of the range. Specifically, the Court said that it was impressed with the progress Pearson made while he was incarcerated, and it commended him for serving others. That said, the Court felt that anything under 63 months would be insufficient based on the "nature and circumstance of the offense." In sum, the Court thought that the "conduct of the offense" justified something beyond a low-end Guideline sentence, but it balanced that concern against Pearson's "stellar behavior" while incarcerated. Thus, the Court found that a 63-month sentence was "sufficient but not greater than necessary" to comply with the § 3553(a) factors.

Pearson argues that a 384-month sentence is sufficient. In other words, he says the District Court should not have imposed any sentence for Counts One, Three, or Five because the mandatory minimums for Counts Two and Four were enough. The District Court considered this argument and rejected it. It explained

14

Pearson's claim that he was being "punished enough" by his Count Two and Count Four sentences was a "good argument" for why the Court should impose a sentence below 63 months for Counts One, Three, and Five.  But after "fully tak[ing]" this argument into account, the Court concluded that a 63-month sentence was necessary to account for the nature and circumstance of the offense.  We see no error in this decision.

Pearson makes four other arguments to explain why the sentence is substantively unreasonable.  He argues that his sentence is unnecessary to protect the public because, had the Court sentenced him to 384 months, he would be 57 when he's released.  And the likelihood of reoffending decreases with age, he says.  Pearson claims his sentence does not encourage defendants to rehabilitate themselves because, despite his own rehabilitation, the Court still gave him a long sentence.  Of course, the Court did take into account Pearson's rehabilitation and behavior while incarcerated.  According to Pearson, the Court just didn't give him enough credit.  Next, he says the sentence isn't "just" because the Court gave too much deference to the Guideline range.  Finally, Pearson argues that his sentence is greater than necessary to accomplish the sentencing goal of deterrence.

Even if Pearson's arguments do support a sentence shorter than 447 months, he has not met his "burden [of] show[ing] [his 447-month sentence] is unreasonable in light of the record and the § 3553(a) factors."  *United States v.*

15

*Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). He robbed two banks at gunpoint in two weeks. These are serious and dangerous crimes. Since then, Pearson has taken steps to improve himself. The District Court accounted for this self-improvement and thoughtfully considered the § 3553(a) factors. Although Pearson wishes the Court had weighed the factors differently, we are not left with "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

### III.

Accordingly, the judgment of the District Court is

**AFFIRMED in part, VACATED in part, and REMANDED WITH INSTRUCTIONS.**

16