**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4908**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JONELL TYLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:06-cr-00252-MR-1)

Submitted:  March 10, 2021                          Decided:  March 23, 2021

Before WILKINSON, MOTZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Christopher Jonell Tyler pled guilty to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and possession of a firearm by a felon, 18 U.S.C. § 922(g). The district court imposed an aggregate sentence of 255 months' imprisonment, consisting of 135 months on the Hobbs Act conspiracy, a concurrent 120 months on the § 922(g) offense, and a mandatory consecutive sentence of 120 months on the § 924(c) offense. The district court subsequently granted Tyler's 28 U.S.C. § 2255 motion, vacated his § 924(c) conviction, and ordered that Tyler be resentenced on the remaining counts. Tyler now appeals the 236-month, upward variance sentence imposed upon resentencing. For the reasons that follow, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). We first must determine whether the district court committed procedural error, such as failing to calculate or improperly calculating the Guidelines range, failing to give the parties an opportunity to argue for an appropriate sentence, insufficiently considering the 18 U.S.C. § 3553(a) sentencing factors, relying on clearly erroneous facts, or inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). "If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert.*

2

*denied*, 141 S. Ct. 687 (2020). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Tyler first contends that the district court erred by applying the cross reference to the Sentencing Guidelines for assault with intent to commit murder. U.S. Sentencing Guidelines Manual ("USSG") §§ 2A2.1(a)(1), 2K2.1(c)(1)(A), 2X1.1(c)(1) (2018). Although he did not challenge the application of this sentencing enhancement at his initial sentencing, Tyler asserts that the resentencing court was not bound by any rulings made at the original sentencing, but instead may consider anew any rulings made at the initial sentence. *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (at resentencing, "the [initial] sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing"). Contrary to Tyler's argument, the district court did revisit whether the cross reference was appropriate. Overruling Tyler's objection to the cross reference, the district court emphasized that the offense conduct involved Tyler repeatedly shooting at the intended robbery victim, who had fired a gun at Tyler and his accomplice. The court found that Tyler's conduct supported a reasonable inference that Tyler intended to shoot and kill the victim in order to stop the victim from firing any further shots. We conclude that the district court did not clearly err in overruling Tyler's objection and applying the cross reference to assault with intent to commit murder. *See United States v. Hassan*, 742 F.3d 104, 148 (4th Cir. 2014) (providing standard).

Tyler also contends that the district court failed to properly apply the sentencing package doctrine, and instead placed too much weight on the sentence originally imposed rather than making an independent determination of an appropriate sentence. The

3

sentencing package doctrine acknowledges that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the sentence package—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Pearson*, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal quotations omitted). Thus, upon resentencing a defendant on the remaining convictions after the vacatur of one conviction, the district court may "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008). In doing so, the resentencing court is not bound by any rulings made at the original sentencing as to the appropriate aggregate sentence. Rather, the district court may consider anew any rulings made at the initial sentencing. *Ventura*, 864 F.3d at 309; *see Pepper v. United States*, 562 U.S. 476, 490 (2011) (providing that, after remand for resentencing, district court may consider evidence of defendant's rehabilitation since initial sentencing and may vary downward from advisory Guidelines range on that basis).

Our review of the record convinces us that Tyler's claim is without merit. The district court expressly considered the findings at the initial sentencing instructive but not binding, and it assessed the sentencing factors anew when determining an appropriate sentence for Tyler's remaining convictions.

Tyler also contends that the district court erred by imposing an upward variance sentence and that it failed to adequately explain and support the extent of the variance. In reviewing the substantive reasonableness of a sentence, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that

4

the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Hargrove*, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal quotation marks omitted). District courts "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id*. (citations and internal quotation marks omitted). Thus, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Hargrove*, 701 F.3d at 163-64 (brackets and internal quotation marks omitted).

The district court explained that, after reviewing "anew" the sentencing factors, it determined that an upward variant sentence of 236 months' imprisonment was necessary to meet the sentencing goals of § 3553(a), particularly due to the seriousness of the offense—Tyler having repeatedly discharged a firearm during the attempted robbery. The court specifically noted that the Guidelines range did not account for the fact that "violent crimes committed with firearms are more serious than other violent crimes." Given the violent nature of Tyler's offense conduct, the court determined that the advisory Guidelines range—even with the attempted murder cross reference—understated the seriousness of the offense conduct.

The court further explained that it found the prior sentencing decision instructive but not binding, and that it "reduced the sentence somewhat," due to new information presented at the resentencing hearing. In light of the "extremely broad" deference accorded a district court's determination that the § 3553(a) factors, as a whole, justify the extent of a variance, and considering the totality of the circumstances, *United States v. McCain*, 974 F.3d 506, 517 (4th Cir. 2020) (internal quotation marks omitted), we conclude that Tyler's 68-month upward variance sentence is not substantively unreasonable. *See, e.g., Hargrove*, 701 F.3d at 163-65 (affirming variance from 0-to-6-month Guidelines range to 60-month sentence); *United States v. Diosdado-Star*, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*