[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12365
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00029-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN LAMAR SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 1, 2021)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Adrian Sims appeals his 60-month total sentence, imposed upon revocation of his supervised release.  Sims argues that his sentence, which was at the high end of the guideline range and the statutory maximum, was substantively unreasonable because the court gave inordinate weight to his age, placed insufficient weight on the government's low-end sentence recommendation, and failed to consider mitigating factors, including, his difficulty in finding steady employment, his acceptance of responsibility for the offenses, and his repeated expressions of remorse.  Because the record shows that the district court did not place improper weight on Sims's age and did consider mitigating factors, such as Sims's acceptance of responsibility and remorse for his actions, in imposing a sentence that was supported by the record and the 18 U.S.C. § 3553(a) factors, we conclude that Sims failed to establish that the sentence imposed was substantively unreasonable.  We therefore affirm the sentence imposed.

We review the sentence imposed upon revocation of supervised release for reasonableness, *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion" based on the "totality of the circumstances," *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (quotation marks omitted).  The party challenging the sentence bears the burden to show it is unreasonable.  *Pugh*, 515 F.3d at 1189.

2

Before imposing a sentence upon revocation of supervised release, the district court is required to consider several factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). The court shall impose a sentence sufficient, but not greater than necessary, to comply with the need for the sentence imposed to deter criminal conduct; protect the public; and provide the defendant with needed educational, vocational, medical, or other correctional treatment. *Id.* §§ 3553(a), 3583(e). In addition, the district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim. *Id.* §§ 3553(a)(1), (4)-(7), 3583(e)(3).

Although we do not automatically presume a sentence falling within the advisory guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Nonetheless, a district court can abuse its discretion when it: (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006)

(vacating sentence of only five hours' imprisonment for bank fraud, even though the defendant had provided substantial assistance that was crucial in the prosecution of his codefendant, where the court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors"). However, the district court is "not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotation marks omitted).

Instead, it is enough when the "court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* Although the district court must consider all the applicable § 3553(a) factors, it does not have to give all of them equal weight and it may in its sound discretion attach "great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191; *see, e.g., United States v. Pearson*, 940 F.3d 1210, 1218 (11th Cir. 2019) (guideline sentence not greater than necessary where court thoughtfully considered the §3553(a) factors, even though "[the defendant] wishe[d] the Court had weighed the factors differently" and had given greater weight to his self-improvement). The combined effect of all these principles is that "[s]ubstantively unreasonable sentences are rare." *United States v. Kirby*, 938 F.3d 1254, 1259 (11th

4

Cir. 2019) (quotation marks omitted). We will only reverse a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation marks omitted).

Here, the district court did not abuse its discretion by imposing a 60-month total sentence. In explaining its upper-guideline range decision, the district court stated that Sims was a "Category VI violent offender who ha[d] rapidly . . . and repeatedly reoffended after release[] from a lengthy sentence." The district court also emphasized that each offense was "flagrant" and "involve[d] violence" and "drug sales." Three of Sims's four supervised-release violations were drug-related offenses consistent with his original drug-related offense in 2003 and five prior drug-related convictions beginning in his early twenties. The district court was well within its discretion to conclude that a sentence at the statutory maximum and high end of the guideline range was necessary to achieve the sentencing goals. *Rosales-Bruno*, 789 F.3d at 1254; *see* 18 U.S.C. § 3553(a); *see, e.g.*, *Pearson*, 940 F.3d at 1218.

Additionally, although the district court may have focused on Sims's age in determining whether to impose a supervised-release term, it did not do so "singlemindedly" to the detriment of other mitigating factors. *See Crisp*, 454 F.3d

5

at 1292.  In arriving at its sentencing decision, the district court expressly explained that it had considered the 18 U.S.C. § 3553(a) factors, the PSI report generated for Sims's original 2003 proceedings, the applicable guideline range, and all other materials submitted to the district court on the matter, in addition to considering the parties' recommendations and Sims's allocution at the hearing.

For the reasons stated, we conclude that the district court did not abuse its discretion by imposing a 60-month total sentence following revocation of Sim's supervised release.  Because the sentence imposed is supported by the record and the 18 U.S.C. § 3553(a) factors, we affirm the sentence.

**AFFIRMED.**