[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10127

Non-Argument Calendar

_____

ANTHONY WILLIAMS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:19-cv-23162-CMA,
1:03-cr-20678-CMA-6

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Williams, a federal prisoner, appeals the district court's denial of his authorized second or successive 28 U.S.C. § 2255 motion to vacate. After careful review, we affirm in part, vacate in part, and remand with instructions to dismiss in part.

## I.

Williams was indicted, and eventually convicted, on multiple drug, firearm, and conspiracy charges, including conspiracy to use and carry a firearm in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. § 924(o). Section 924(o) criminalizes conspiracy "to commit an offense under subsection (c)" of § 924, and subsection (c) provides enhanced penalties for "any person who, during and in relation to any crime of violence or drug trafficking crime," uses or carries a firearm. 18 U.S.C. § 924(c)(1)(A), (o). As relevant to this appeal, at the time of Williams's conviction § 924(c) defined "crime of violence" to include a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). This subsection came to be known as the "residual clause" of § 924(c). *See United States v. Davis*, 139 S. Ct. 2319, 2323, 2325–26 (2019). Williams did not argue during his trial or sentencing proceedings that § 924(o)'s residual clause was void for vagueness.

Williams appealed his convictions and sentence. Again he did not argue that § 924(o)'s residual clause was void for vagueness. We affirmed. *See United States v. Brown*, 227 F. App'x 795, 797–99, 804 (11th Cir. 2007) (unpublished). Williams filed a first § 2255 motion in 2008. He did not allege that § 924(o)'s residual clause was unconstitutionally vague. The district court denied the motion.

In 2019, after the Supreme Court held unconstitutional as void for vagueness the residual clause in 18 U.S.C. § 924(c)(3)(B), *see Davis*, 139 S. Ct. at 2323–24, Williams applied to this Court for leave to file a second or successive § 2255 motion, challenging his conviction under § 924(o). We granted his application.

Williams moved in the district court for relief under § 2255. He argued that *Davis* invalidated his § 924(o) conviction. He also argued that *Davis* invalidated two of his other convictions, under 18 U.S.C. § 924(c), even though he had not received authorization from this Court to challenge those convictions.

As to his § 924(o) conviction, Williams acknowledged that the charge was predicated on a crime of violence (conspiracy to commit Hobbs Act robbery) and a drug trafficking crime, and that the drug trafficking crime was a valid predicate offense. But, he argued, relief was warranted because the jury did not designate which of the two predicate offenses it relied upon—the valid predicate offense or the Hobbs Act conspiracy, which would render his conviction invalid if it alone served as a predicate.

The district court denied the motion. The court first concluded that Williams's claim should be addressed on the merits, and not deemed procedurally defaulted, because Williams had shown cause and prejudice. As to cause, the court concluded that Williams lacked a reasonable basis for challenging the residual clause until after his direct appeal and initial § 2255 motion had been decided. As to prejudice, the court explained that if Williams's § 924 convictions were unlawful, he would be entitled to a significantly lower sentence. Second, the court determined that Williams's claims as to both his § 924(o) conviction and his § 924(c) convictions failed on the merits.

The district court granted Williams a COA on two issues: (1) whether the court erred in applying harmless error in the context of a general verdict form that did not specify the predicate offenses upon which the jury relied; and (2) whether the court erred in determining that the error was harmless. This is Williams's appeal.

## II.

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review *de novo* whether procedural default precludes a § 2255 petitioner's claim, which is a mixed question of law and fact. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021).

We "are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking[,]" and we review

jurisdictional questions *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (internal quotation marks omitted). We must also determine whether a district court had subject matter jurisdiction where it may have been lacking. *See id.*

Although the scope of review in a § 2255 appeal is limited to issues specified in the COA, we read the COA to encompass procedural issues that must be resolved before we may reach the merits of the underlying claim, including the requirements to overcome a procedural default. *See McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). And we may affirm the judgment of the district court on any ground supported by the record. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

## III.

On appeal Williams argues that the district court erred in its merits analysis of his convictions under § 924(c) and (o). In response to the government's brief, he additionally argues in reply that his *Davis* claims are not subject to a procedural default and that, even if they are, he can show cause and prejudice to overcome the bar.

As a preliminary matter, the district court lacked jurisdiction to address Williams's § 924(c) convictions because they were outside the scope of this Court's authorization. *See United States v. Pearson*, 940 F.3d 1210, 1216 (11th Cir. 2019). Williams's application only argued that his § 924(o) conviction was invalid, and we only granted him leave to file a successive application as to that

conviction. We therefore vacate the district court's denial of his *Davis* claim relating to his 18 U.S.C. § 924(c) convictions and remand with instructions to dismiss the unauthorized claim for lack of subject matter jurisdiction.

The district court had subject matter jurisdiction to consider Williams's challenge to his § 924(o) conviction. The court correctly analyzed Williams's claim first by addressing whether it was barred by a procedural default because Williams failed to raise the argument during his sentencing or on direct appeal. *See Granda*, 990 F.3d at 1285–86. To overcome a procedural default, a movant must show both cause for the default and actual prejudice stemming from the alleged error.[1] *Id.* at 1286. Although the district court concluded that Williams had shown cause to overcome the default, that conclusion is wrong under *Granda*, where we held that a movant could not show cause for failing to raise a vagueness challenge to § 924(c) because "he did not then lack the building blocks of a due process vagueness challenge" to the residual clause. *Id.* at 1287 (internal quotation marks omitted).

Williams argues that his claim cannot be subject to a procedural default because the *Davis* error is jurisdictional. It is true that a movant on collateral review can avoid the procedural default bar

---

[1] A movant may also overcome a procedural default by showing that he is actually innocent of the offense of conviction. *See Granda*, 990 F.3d at 1286. Williams has not argued on appeal that he is actually innocent of his § 924(o) conviction.

altogether "if the alleged error is jurisdictional." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). Although a district court has the statutory power under 18 U.S.C. § 3231 to adjudicate the prosecution of federal offenses, we have held "that a district court lacks jurisdiction when an indictment alleges only a non-offense." *United States v. Peter*, 310 F.3d 709, 715–16 (11th Cir. 2002). "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014).

Williams cannot demonstrate that his indictment alleged only a "non-offense" because he cannot show that the § 924(o) charge involved only conduct falling outside the sweep of that statute. Rather, the § 924(o) count in the indictment alleged *both* the invalid Hobbs Act conspiracy predicate and undisputedly valid drug trafficking predicate.[2] Thus, Williams's indictment charged him with violating a valid federal statute and the indictment defect Williams alleges was not jurisdictional. *Brown*, 752 F.3d at 1354.

---

[2] This Court's decision in *United States v. St Hubert*, 909 F.3d 335 (11th Cir. 2018), which Williams cites in support of his position, is not to the contrary. There, the defendant claimed that *neither* of the two predicates the indictment listed in support of his § 924(c) count qualified as a crime of violence. *Id.* at 343. Thus, if he had prevailed on his claim, then the § 924(c) count would have charged only conduct that fell outside the sweep of a criminal statute. *See id.* This case is materially distinguishable for the reasons explained above.

Given that William cannot demonstrate cause to overcome the procedural default, it is immaterial whether he can show prejudice. His claim is procedurally defaulted, and he cannot overcome the default. We need not address the questions in Williams's COA, because both become relevant only if the procedural default could be excused. *See Granda*, 990 F.3d at 1292 (explaining, after holding that the movant had not overcome a procedural default, that he *alternatively* could not show a reasonable possibility that the error was harmful). Thus, we affirm in part the judgment of the district court.

**AFFIRMED IN PART, VACATED IN PART, REMANDED WITH INSTRUCTIONS TO DISMISS IN PART.**