[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13945

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAHJI ALONZO ORR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cr-00218-MHH-GMB-1

_____

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Tahji Alonzo Orr appeals his 96-month sentence, which the district court imposed after he pled guilty via a plea agreement to three counts in an indictment. Orr and the government agree that the district court erroneously imposed a sentence above the statutory maximum as to one count and have jointly moved for summary reversal. We grant their motion.

Orr pled guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count One); possession of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); and possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count Four). Count One carried a 5-year statutory maximum term of imprisonment, Count Two carried a 20-year statutory maximum, and Count Four carried a 10-year statutory maximum. In the plea agreement, Orr and the government stipulated to a total sentence of 96 months' imprisonment, a stipulation that was binding under Federal Rule of Criminal Procedure 11(c)(1)(C). At sentencing, the district court, without referencing the statutory maximum terms of imprisonment for each count, imposed a prison sentence "for a term of 96 months as to counts one, two, and four, separately, with each count to be served concurrently with the other." Doc. 48 at 7–8; *see* Doc.

37 at 2.[1] Orr appealed, and this motion followed. The parties agree that the district court plainly erred in imposing a 96-month term of imprisonment for Count One, despite the statutory maximum of 60 months for Count One. *See* 21 U.S.C. § 841(b)(1)(D).

As relevant here, summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[2]

We usually review *de novo* the legality of a sentence. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005). But where, as here, a defendant fails to object to the sentence's legality before the district court, we review only for plain error. *Id.* We find plain error only when: (1) an error has occurred, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022). "A defendant's substantial rights are affected if the error affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

---

[1] "Doc." numbers are the district court's docket entries.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A sentence exceeding the statutory maximum for a given of-fense is an illegal sentence. *United States v. Cobbs*, 967 F.2d 1555, 1557–58 (11th Cir. 1992). An illegal sentence affects a defendant's substantial rights and seriously affects the fairness of the judicial proceedings. *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009); *see also United States v. Eldick*, 393 F.3d 1354, 1354 & n.1 (11th Cir. 2004) (vacating a sentence exceeding the statutory maximum and noting that such a sentence constitutes plain error). By sentenc-ing Orr to a sentence of 96 months' imprisonment on Count One when the statutory maximum sentence for Count One was 60 months, the district court imposed an illegal sentence.

In light of this error, we remand for resentencing. "[W]e have adopted a holistic approach to resentencing, treating a crimi-nal sentence as a package of sanctions that may be fully revisited upon resentencing." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (emphasis omitted) (internal citation and quotation marks omitted). This approach, often called the sentencing pack-age doctrine, is grounded in the notion that, "especially in the [Sen-tencing G]uidelines era, sentencing on multiple counts is an inher-ently interrelated, interconnected, and holistic process which re-quires a court to craft an overall sentence—the 'sentence pack-age'—that reflects the guidelines and the relevant [18 U.S.C.] § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). So, when a conviction or sentence for one or more of the component counts is vacated, the district court "should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a)

23-13945                Opinion of the Court                5

factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.* (relating to vacatur of a conviction); *see United States v. Pearson*, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (relating to vacatur of a sentence); *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999) (same).

Because the parties' position is clearly correct as a matter of law, we GRANT the joint motion for summary reversal. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We remand for the district court to resentence Orr.

**REVERSED AND REMANDED.**